UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER JAMES LAUB,<br>Petitioner,<br><br>vs.<br><br>SECRETARY, DEPARTMENT<br>OF HOMELAND SECURITY, et. al.,<br>Respondents. | Case No. 1:18-cv-499<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, who is currently detained pursuant to a removal order issued by United States Immigration and Customs Enforcement (ICE), through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 2). Respondents have filed a return of writ in opposition to the petition. (Doc. 6). Also before the Court is petitioner's motion to expedite release from detention (Doc. 8).

For the reasons stated below, the undersigned recommends that the petition and petitioner's motion to expedite release from detention be denied.

**I.     BACKGROUND**

Petitioner is a native of Romania who claims to be stateless. (Doc. 6-1, Blair Decl. at PageID 57). On or about November 3, 2017, petitioner was issued a Notice to Appear, initiating removal proceedings against him based on his 2011 conviction of Illegal Cultivation of Marijuana, in violation of Ohio Rev. Code § 2925.04(A). (*Id.* at PageID 57). Petitioner indicates that a removability hearing was held before an Immigration Judge (IJ) on February 7, 2018 and a written decision was issued on February 16, 2018, designating Romania as the country of removal and finding petitioner removable for having committed an aggravated felony and a controlled substance offense. (Doc. 7 at PageID 81). Petitioner further indicates that his case was continued on March 27, 2018 to allow petitioner to pursue asylum and withholding of

removal. (*Id.*). A final hearing was held on April 18, 2018 and on or about April 26, 2018, an IJ denied petitioner's applications for relief from removal and ordered petitioner removed from the United States to Romania. (*Id.* at PageID 58). Petitioner appealed the IJ's decision to the Board of Immigration Appeals. His appeal remained pending at the time the petition was filed. (Doc. 6-1, Blair Decl. at PageID 58).

On October 17, 2018, the Board of Immigration Appeals issued a decision affirming the decision of the Immigration Judge. (*See* Doc. 11).

Petitioner commenced the instant action on July 23, 2018. (*See* Doc. 1). Petitioner contends that he is entitled to relief because he has been detained for more than six months with no significant likelihood of actual removal, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In support of the petition, petitioner argues that the Embassy of Romania has stated that he is not a citizen of Romania, that he will not be able to be removed to Romania, and that ICE has not succeeded in locating another country into which he will be removed in the foreseeable future. (*See* Doc. 2 at PageID 9–10).[1]

Respondents oppose the petition. (Doc. 6). According to respondents, petitioner was lawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(B) at the time the petition was filed. Respondents contend that at that time petitioner was not subject to a final order of removal in light of his pending appeal and that his detention was mandated during his removal proceedings by 8 U.S.C. § 1226(c), which applies to petitioner because he is deportable for committing offenses covered in 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony conviction) and §

---

[1] Petitioner has included the letter as an attachment to his petition. In pertinent part, the letter states that petitioner "lost Romanian citizenship at the same time as his parents, through Prime Decree no. 208 / 05.29.1971." (Doc. 2-2 at PageID 38).

2

1227(a)(2)(B)(i) (conviction relating to a controlled substance). (Doc. 6 at PageID 50; Doc. 9 at Page ID 95).

Respondents further contend that petitioner has failed to show he is entitled to relief under *Zadvydas* or the Eighth Amendment. According to respondents, the 90-day removal period authorized by 8 U.S.C. § 1231(a)(1)—which begins when the removal order becomes administratively final—had yet to begin at the time of filing and has not expired. Respondents further argue that although petitioner's correspondence with Romania does state that he lost his Romanian citizenship, it does not indicate that he will not be permitted to enter Romania or otherwise support petitioner's claim that no country will admit him into their country. (*See* Doc. 9 at PageID 96–97). In any event, respondents claim that 8 U.S.C. § 1231(b) provides a number of alternatives for removing petitioner to other locations if he is unable to be removed to Romania. (*Id.*).

## II. OPINION

Two statutory provisions provide authority for the Attorney General to detain an alien depending on the status of the alien's removal proceedings. Before a final order of removal is entered 8 U.S.C. § 1226 applies. *See Denmore v. Kim*, 538 U.S. 510, 521 (2003); *Ly v. Hansen*, 351 F.3d 263, 266–68 (6th Cir. 2003). Detention under § 1226(a) is discretionary. However, section 1226(c) requires the Attorney General to detain aliens convicted of certain criminal offenses during the pendency of their removal proceedings and an alien detained pursuant to this section is not entitled to an individualized bond hearing. *Denmore*, 538 U.S. at 523–31 ("Detention during removal proceedings is a constitutionally permissible part of that process."). *See also Jennings v. Rodriguez*, __ U.S. __, 138 S.Ct. 830, 847 (2018) ("§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is release for witness protection purposes.").

3

On the other hand, 8 U.S.C. § 1231 governs the detention of an alien subject to a final removal order. Under that section, Congress has prescribed that once an alien has been ordered to be removed from the United States, "the Attorney General shall detain the alien" and "remove the alien from the United States within a period of 90 days." 8 U.S.C. §§ 1231(a)(1)(A) & 1231(a)(2). Title 8 U.S.C. § 1231(a)(6) further provides in relevant part:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period. . . .

By its terms, § 1231(a)(6) "applies to three categories of aliens: (1) those ordered removed who are inadmissible under § 1182, (2) those ordered removed who are removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4), and (3) those ordered removed whom the Secretary [of DHS] determines to be either a risk to the community or a flight risk." *Clark v Martinez,* 543 U.S. 371, 377 (2005). In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court interpreted the provision "to authorize the Attorney General (now the Secretary [of DHS]) to detain aliens in the second category only as long as 'reasonably necessary' to remove them from the country." *Clark,* 543 U.S. at 377 (quoting *Zadvydas,* 533 U.S. at 689, 699). The *Zadvydas* Court held that reading § 1231(a)(6) to authorize indefinite detention would "raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause. *Zadvydas,* 533 U.S. at 690. Therefore, the Court "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* at 682.

In *Zadvydas,* 533 U.S. at 701, the Supreme Court considered the six-month detention of an alien who is subject to removal due to criminal convictions to be presumptively reasonable.

The Court then provided the following guidance in addressing detentions that exceed the six-month presumptively reasonable limit:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* The Sixth Circuit has applied *Zadvydas's* reasonableness review to detention under § 1226:

> We hold that the INS may detain *prima facie* removable criminal aliens, without bond, for a reasonable period of time required to initiate and conclude removal proceedings promptly. When actual removal is not reasonably foreseeable, deportable aliens may not be indefinitely detained without a government showing of a "strong special justification," constituting more than a threat to the community, that overbalances the alien's liberty interest. The reasonableness of the length of detention is subject to review by federal courts in habeas proceedings, as stated by *Zadvydas*.

*Ly,* 351 F.3d at 273. However, the Sixth Circuit declined to impose a bright-lined rule in defining a reasonable time limitation for pre-removal detention. *Id.* at 271. The Court instead instructed that "courts must examine the facts of each case, to determine whether there has been unreasonable delay in concluding removal proceedings." *Id.*

In this case, the undersigned finds that petitioner is not entitled to federal habeas relief. As noted above, petitioner claims he is entitled to relief under *Zadvydas* because he has been detained for more than six months and there is no significant likelihood of his removal within the reasonably foreseeable future. In support of his claim, petitioner argues that the IJ's April 26, 2018 removal order "should suffice to trigger the post-removal counting of time" under *Zadvydas*. (Doc. 8 at PageID 90). However, petitioner's removal period did not begin until October 12, 2018, when the BIA issued its decision denying petitioner's appeal. 8 U.S.C. §

5

1231(a)(1)(B)(i). *See, e.g., Jumah v. Napolitano*, No. 13-2458, 2013 WL 2295704, at *2 (D.N.J. May 23, 2013) (noting that the removal-period is triggered on "the date when the order of removal becomes administratively final (that is, appeal to the BIA was either taken and ruled upon, or the time to appeal expired)"). Because petitioner was ordered removed for committing offenses covered in § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i), petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) during his removal proceedings. Petitioner has not argued, much less demonstrated, that his removal proceedings were unreasonably delayed[2] and therefore is not entitled to habeas relief based on his detention pending a final removal order. *See Ly,* 351 F.3d at 273.[3]

Petitioner is similarly not entitled to habeas relief based on his detention pending removal. Petitioner does not challenge his removal order or dispute that he is subject to removal under 8 U.S.C. § 1227(a)(2) because of his criminal convictions in Ohio. Because petitioner was deemed to be removable under § 1227(a)(2), he falls within the second category of aliens eligible for extended detention under § 1231(a)(6). However, because petitioner's removal period under § 1231(a) began to run on October 12, 2018, he is still within the 90-day removal period and well within the six-month presumptively reasonable limit in *Zadvydas*. Accordingly, petitioner's claim under *Zadvydas* is subject to dismissal as premature. *See, e.g., Song v. U.S. Attorney General,* 516 F. App'x 894, 899 (11th Cir. 2013) ("For an alien to state a claim under *Zadvydas*,

---

[2] As indicated above, petitioner's case was continued to allow petitioner to pursue asylum and withholding of removal and he was ordered removed on April 26, 2018, less than six months after he was initially detained on November 1, 2017. Petitioner thereafter sought an appeal which was concluded less than six months later, on October 12, 2018. *Cf. Sessay v. Hendricks*, No. 12-2667, 2013 WL 4537709, at *3 (D.N.J. Aug. 27, 2013) (collecting cases) (finding pre-removal detention period of thirteen months was not unreasonable).

[3] The undersigned's opinion is not altered by petitioner's claim that by withdrawing his appeal that he "is now facing post-removal detention per the order of removal dated April 26, 2018." (Doc. 8 at PageID 90). First, there is no indication in the record that petitioner actually withdrew his appeal from the BIA. In any event, petitioner offers no support for his position that an alien may render an order of removal administratively final on the date it was issued by subsequently withdrawing his appeal.

he not only must show post-removal order detention in excess of six month but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.") (internal quotation marks and citation omitted); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (finding that any challenge to the petitioner's continued post-removal-order detention to be premature where he had not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*).[4]

Accordingly, in sum, the undersigned concludes that petitioner has not demonstrated that he is entitled to habeas corpus relief because he has not shown that he is currently in ICE custody in violation of the Constitution or laws of the United States. Although petitioner has not shown an entitlement to relief at this time, if his detention continues for an extended period, he may be able to make the requisite showing under *Zadvydas* at a later time. *Cf. Nasr v. Larocca,* No. CV 16-1673, 2016 WL 3710200, at *6 (C.D. Cal. June 1, 2016) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2016 WL 3704675 (C.D. Cal. July 11, 2016); *Estenor v. Holder*, No. 1:11-cv-743, 2011 WL 5572596, at *4 (W.D. Mich. Oct. 24, 2011). Therefore, the instant petition should be dismissed without prejudice to petitioner's ability to apply for future relief if circumstances change. *See id.*

In light of this recommendation, petitioner's motion to expedite release from detention (Doc. 8) should be denied.

---

[4] Finally, the undersigned notes that petitioner has also failed to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future. As argued by respondents, the letter from the Romanian Embassy does not state that petitioner will not be permitted to enter Romania or otherwise support petitioner's claim that there is no country to which he may be removed. *See* 28 U.S.C. § 1231(b)(2)(E) (authorizing removal to an alternate country whose government will accept the alien into that country).

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 2) be **DISMISSED** without prejudice. Petitioner's motion to expedite release from detention (Doc. 8) should be **DENIED**.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/3/19

Karen Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WALTER JAMES LAUB,
Petitioner,

vs.

SECRETARY, DEPARTMENT
OF HOMELAND SECURITY,
Respondent.

Case No. 1:18-cv-499

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).